WM. W. MUNSELL v. C. L. BEALS, *Executor, et al.*
No. 177.

1. APPELLATE PROCEDURE—*parties necessary in error, only such as will be prejudicially affected.* It is not necessary to a review of a judgment of a district court that all persons who were named as parties in the original action be brought into this court; it is only necessary to bring into this court such parties as will be prejudicially affected by a reversal or modification of the judgment.

2. PERSONAL JUDGMENT—*on publication notice, void and defendant not necessary party in error.* Where the court below renders a personal judgment against a party who was not served with summons and made no appearance to the action, and the only notice to him was by publication in a newspaper, such judgment is a nullity; and the party against whom such judgment is rendered is not a necessary party in a proceeding in error for a review of the proceedings of the district court.

3. MORTGAGE—*description of, in deed indefinite, grantee's assumption of, not binding.* Where W. and wife, being the owners of certain lots in the city of D., executed a mortgage thereon; and afterwards one of said lots, together with other real property in the city of D., is conveyed by Y. and wife, whom the record does not show were grantees of W. and wife or had title by mesne conveyances from them through other persons down to Y. and wife; and there is a clause in the deed from Y. and wife to M. that the

Munsell v. Beals, *Executor*. 737

Dec. 1, 1897.      Opinion.   Johnson, P. J.      W. Div.

property is subject to a mortgage of $625 which the grantee assumes, without specifying what portion of the property is subject to the mortgage, or stating by whom the mortgage is given, or giving any other description of the mortgage, and not showing that the mortgage given by W. and wife is the only mortgage on said property, or what part of the property is subject to such mortgage : *held*, that the receiving of such deed by M. with such provisions is so indefinite and uncertain as not to make M. liable to pay the mortgage, or subject to a judgment in a suit to foreclose the same.

Error from Ford District Court.   Hon. A. J. Abbott, Judge.   Opinion filed December 1, 1897.   *Reversed.*

This was a suit on a promissory note secured by a real-estate mortgage, both made by Perry Wilden and wife to Bowman, and by him assigned to the defendant in error, plaintiff below. The mortgaged property consisted of several lots in Dodge City, Kan. Younger and wife deeded a part of this property and some other property to Munsell, plaintiff in error, defendant below. In the deed was this clause : " Together with the appurtenances thereto belonging, on which there is a mortgage of $625, the payment of which is assumed by William Munsell." Upon this clause defendant in error founds his claim for judgment against the plaintiff in error. The other facts are stated in the opinion.

*Sutton & McGarry*, for plaintiff in error.
*Wheeler & Switzer*, for defendant in error.

Johnson, P. J.   We are met at the threshold of this case by a motion of the defendant in error to dismiss the action, for the reason that the parties to be affected by a reversal of the judgment are not all before the court. From a careful examination we are satisfied that the parties to be affected by a reversal of this case are all before the court. It is true that a

personal judgment was rendered against Perry Wilden, but the court had acquired no jurisdiction over him so as to render a personal judgment, and the personal judgment so far as Perry Wilden is concerned is a nullity.   Therefore the motion of the defendant in error to dismiss this action is overruled.   This brings us to the consideration of the question as to whether William W. Munsell had assumed and agreed to pay the mortgage of the plaintiff below.   The record shows that the lands conveyed by Younger and wife to Munsell were only a part of the same property mortgaged by Wilden and wife to the plaintiff below. The purported deed describes other land than the land mortgaged, and contains this statement : " Together with the appurtenances thereto belonging, on which there is a mortgage of $625.''   It nowhere specifies that Munsell agreed to pay the mortgage executed by Anna L. Wilden and Perry Wilden to the assignor of the plaintiff below.   It does not describe or pretend to set forth any particular mortgage that is on the property described in the instrument from Younger and wife to William W. Munsell; nor does the record anywhere show that the title to the mortgaged property, or any part of it, has passed by mesne conveyances from Anna L. Wilden and Perry Wilden to Munsell.   We do not think that, under the covenants in this instrument, Munsell ever assumed or undertook to pay the note of the plaintiff below. The record and the evidence nowhere disclose the fact that there was no other mortgage on the property conveyed by Younger and wife to William W. Munsell. We think the motion for a new trial should have been granted.

The judgment of the District Court is reversed and the case remanded with direction to set aside the judgment of the court and grant a new trial herein.